IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RAJESH C. PATEL | ) | Case No. 16-65074 |
| | ) | |
| Debtor. | ) | Honorable Lisa Ritchey Craig |
| | ) | |
| | ) | |
| RL BB-GA RMH, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adv. Proc. No. _____ |
| RAJESH C. PATEL; SHAMA PATEL; HASMITA PATEL; MUKESH PATEL; JAY R. PATEL; RISHI M. PATEL; and CARNEGIE HOTEL MANAGER, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**COMPLAINT TO DETERMINE RIGHTS IN AND TO PROPERTY
OF THE ESTATE AND RIGHTS OF RELATED PARTIES
AND TO ENJOIN THE DISSIPATION OF ASSETS**

RL BB-GA RMH, LLC, a Georgia limited liability company ("**RLBB**" or "**Plaintiff**") files this Complaint to Determine Rights in and to Property of the Estate and Rights of Related Parties and to Enjoin the Dissipation of Assets (the "**Complaint**"), pursuant to 11 U.S.C. §§ 362 and 541(a) and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), complaining of Rajesh C. Patel ("**Debtor-Defendant**" or "**Debtor**"); Shama R. Patel ("**Shama**"); Hasmita Patel ("**Hasmita**"); Mukesh Patel ("**Mike**"); Jay R. Patel ("**Jay**"); Rishi M. Patel ("**Rishi**"); and Carnegie Hotel Manager, LLC ("**Carnegie Manager**"); (collectively, "**Defendants**"), and would show the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334 and Local Rule 83.7(A) of the Local Civil Rules for the United States District Court for the Northern District of Georgia. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## PARTIES

2. Plaintiff RL BB-GA RMH, LLC is a Georgia limited liability company with its principal office at 790 NW 107 Avenue, Suite 400, Miami, Florida, 33172.

3. Plaintiff holds claims against Debtor-Defendant arising out of: (a) a consent judgment in the amount of three million dollars ($3,000,000.00) in favor of RLBB against Debtor-Defendant entered on July 18, 2011, *RL BB Financial, LLC v. Patel*, No. 10-cv-3046 (N.D. Ga. July 18, 2011), and (b) a Fixed Rate Promissory Note given by Debtor-Defendant in favor of RLBB in the amount of two hundred thousand and three hundred dollars ($200,300.00), both as described more fully herein.

4. Debtor-Defendant Rajesh C. Patel is a natural person and resident of the state of Georgia. On July 13, 2015, Debtor-Defendant pleaded guilty to two counts of wire fraud. *United States v. Patel*, No. 14-cr-00082, Dkt. No. 32 (M.D. Tenn. July 13, 2015). The wire fraud involved the Debtor-Defendant's fraudulent inducement of a $500,000 investment purportedly in connection with a hotel investment but instead used to pay down Debtor-Defendant's personal debt. Additional counts of wire fraud, mail fraud, and money laundering were dropped in exchange for Debtor-Defendant's guilty plea. Debtor-Defendant is currently serving concurrent six-month terms and is expected to be released in November or December, 2016.

5. Defendant Shama Patel is a natural person and resident of the state of Georgia. Shama is Debtor-Defendant's wife.

6. Defendant Hasmita Patel is a natural person and resident of the state of Georgia.

7. Defendant Mukesh ("Mike") Patel is a natural person and resident of the state of Georgia.

8. Defendant Jay Patel is a natural person and resident of the state of Georgia.

9. Defendant Rishi M. Patel is a natural person and resident of the state of Georgia.

10. Defendant Carnegie Manager is a limited liability company organized under the laws of the State of Georgia with its principal office located at 2100 Parklake Drive NE, Suite A, Atlanta, Georgia 30345. Carnegie Manager may be served with process by delivering a copy of the Summons and Complaint to Debtor-Defendant, its registered agent.

## PRELIMINARY STATEMENT

11. Plaintiff seeks declaratory and injunctive relief regarding the ownership of the entitlement to proceeds of certain historic tax credits (the "**Property**") arising in connection with a building located at 141 Carnegie Way, NW, Atlanta, Georgia (the "**Carnegie Building**"); declaring that the Property is property of Debtor-Defendant's estate wherever located and by whomever held; declaring that the Property is protected by the automatic stay in Debtor-Defendant's bankruptcy case; and enjoining any dissipation of the Property or its proceeds by any party in possession thereof.

12. Debtor-Defendant has engaged in years of deception and fraud to enrich himself while placing his assets outside the reach of his creditors. Debtor-Defendant makes use of a complicated network of entities to accomplish this, including but not limited to defendant entity Carnegie Hotels and other entities currently or previously owned or controlled by Debtor-Defendant or his family. These practices led to Debtor-Defendant's pleas of guilty to two counts of wire fraud for which he is currently incarcerated. Debtor-Defendant's deceptive acts cannot be allowed to continue to siphon his assets out of the reach of his creditors.

13. As discussed herein, certain imminent payments are expected to be made in connection with Debtor-Defendant's property interest in Carnegie Manager. Though Debtor-Defendant and other of his family members have been engaged in active negotiations regarding the imminent payment of funds to which Carnegie Manager was entitled, Debtor-Defendant has not scheduled an interest in Carnegie Manager nor disclosed that interest in this bankruptcy case. Instead, Debtor-Defendant has indicated that no non-exempt property is expected to be available for distribution to creditors.

14. By this complaint and associated preliminary relief, Plaintiff seeks to prevent Debtor-Defendant, or any of the other Defendants, from continuing to dissipate or conceal any assets that are rightfully property of Debtor-Defendant's bankruptcy estate. The relief sought herein is necessary, appropriate, and equitable to ensure that Debtor-Defendant cannot place his assets permanently beyond the reach of creditors while enjoying the benefits of bankruptcy's breathing spell and fresh start.

## BACKGROUND FACTS

15. On August 30, 2016, (the "**Petition Date**") Debtor-Defendant filed his voluntary petition under chapter 7 of the Bankruptcy Code, commencing the above-captioned case (the "**Chapter 7 Case**").

16. Debtor-Defendant has indicated, by his bankruptcy schedules filed with his petition, that after exempt property is excluded and administrative costs are paid, no property will be available for distribution to unsecured creditors.

17. Due to Debtor-Defendant's incarceration, *see* ¶ 4, *supra*, the Chapter 7 Trustee has not yet conducted the meeting of creditors under § 341 of the Bankruptcy Code.

### *The Carnegie Building Tax Credits*

18. The Property that Plaintiff seeks to preserve from dissipation is a reimbursement payment to be made in connection with transactions involving a building located at 141 Carnegie Way, NW, Atlanta, Georgia (the "**Carnegie Building**").

19. Diplomat Hospitality II, LLC, in which Debtor-Defendant held a 40% interest, originally acquired the Carnegie Building in order to develop the property into a hotel.

20. Upon information and belief, Diplomat Hospitality II, LLC transferred the Carnegie Building in exchange for no consideration to Carnegie Hotels, LLC ("**Carnegie Hotels**"), when Debtor-Defendant owned Carnegie Hotels. The Carnegie Hotels operating agreement was adopted on August 3, 2007, and executed by Debtor-Defendant as sole member.

21. On July 24, 2009, Debtor-Defendant reached an agreement to cause historic tax credits generated by the redevelopment of the Carnegie Building to become usable by Chevron U.S.A. Inc., a Pennsylvania corporation ("**Chevron**"), in exchange for multiple payments totaling approximately $3 million.

22. Debtor-Defendant caused Carnegie Hotels MT, LLC ("**Carnegie MT**") to be formed with Debtor-Defendant as member and sole manager and Chevron as investor member. The purpose of Carnegie MT was to act as master tenant of the Carnegie Building, which it would lease from Carnegie Hotels.

23. Debtor-Defendant caused Carnegie Manager to be formed with Debtor-Defendant as sole manager and member. On information and belief, Debtor-Defendant transferred his membership interest in Carnegie MT to Carnegie Manager.

24. Upon information and belief, the ownership structure of Carnegie MT was designed such that historic redevelopment tax credits in the Carnegie Building were available to Chevron in exchange for contributions made by Chevron to Carnegie Manager. To permit

Chevron to take advantage of the tax credits, Carnegie MT acquired a 10% interest in Carnegie Hotels.  The tax credits would be able to be claimed by Chevron in the taxable year in which rehabilitation of the Carnegie Building was to be completed, subject to a five-year recapture period.  Chevron's payment for this arrangement was to be made in the form of contributions to Carnegie MT.

25. On July 28, 2009, Chevron made an initial contribution of $1,028,675.00 to Carnegie MT.

26. Upon information and belief, in or about February, 2012, Summit Hotel Properties, Inc. ("**Summit**"), a Maryland publicly traded corporation that has elected to be taxed as a real estate investment trust, acquired an interest in the Carnegie Building via its indirectly owned subsidiary, Summit Hotel TRS 099, LLC ("**Summit TRS**").

27. Upon information and belief, in connection with the purchase, pursuant to that certain Side Letter Agreement to Amended and Restated Purchase and Sale Agreement executed as of January 12, 2012, between Carnegie Manager and Summit TRS (the "**Summit Agreement**"), Summit TRS agreed to make a tax reimbursement payment to Carnegie Manager within sixty days of the expiration of the five-year recapture period associated with the historic tax credits generated from the redevelopment of the Carnegie Building (the "**Tax Reimbursement Payment**").  Debtor-Defendant executed the Summit Agreement as manager of Carnegie Manager.

28. Upon information and belief, the Summit Agreement has matured and the Tax Reimbursement Payment is due to be made to Carnegie Manager.

29. Upon information and belief, Debtor-Defendant and certain of Debtor-Defendant's family members have continued to negotiate the amount and the proper recipient of the Tax Reimbursement Payment with Summit.

30. Debtor-Defendant did not notify Summit that he had filed a voluntary petition for bankruptcy. Summit was unaware of the existence of Debtor-Defendant's bankruptcy case until November 1, 2016.

31. As sole member of Carnegie Manager, Debtor-Defendant's bankruptcy estate owns 100% of Carnegie Manager and is entitled to the benefit of the Tax Reimbursement Payment.

32. Debtor-Defendant did not schedule his interest in Carnegie Manager or his entitlement to the Tax Reimbursement Payment on his schedules filed in the Chapter 7 Case.

## CAUSES OF ACTION AND RELIEF REQUESTED

### COUNT I:
### Declaratory Relief that the Tax Reimbursement Payment is Property of the Estate Protected by the Automatic Stay

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. On the Petition Date, section 541(a)(1) of the Bankruptcy Code created an estate of property, "wherever located and by whomever held," which includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[p]roceeds, product, offspring, rents, or profits of or from property of the estate." 11 U.S.C. § 541(a)(1), (6).

35. The court in which a bankruptcy case is pending "shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e)(1).

36. A voluntary bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

37. On the Petition Date, Debtor-Defendant held a property interest in the Tax Reimbursement Payment pursuant to the Side Letter either directly or indirectly via previous and/or current ownership in Carnegie Manager. On the Petition Date, Debtor-Defendant held a property interest in Carnegie Manager.

38. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaration that the Tax Reimbursement Payment and Carnegie Manager are property of Debtor-Defendant's bankruptcy estate protected by the automatic stay pursuant to 11 U.S.C. §§ 362(a)(3) and 541(a).

## COUNT II:
## Injunctive Relief Regarding the Tax Reimbursement Payment

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

40. If the Tax Reimbursement Payment is made in the absence of a permanent injunction, creditors and the bankruptcy estate will suffer irreparable harm with inadequate remedy at law given the insufficiency of Debtor-Defendant's scheduled non-exempt property to satisfy any creditors' claims.

41. Plaintiff is entitled to a permanent injunction to protect and enforce the bankruptcy estate's rights in the Tax Reimbursement Payment, in the hands of Debtor-Defendant, any other Defendant, or any third party.

**WHEREFORE**, for all the foregoing reasons, RLBB respectfully requests entry of:

1. An order declaring that the Tax Reimbursement Payment and any and all membership interests in and to Carnegie Manager are property of Debtor-Defendant's bankruptcy estate protected by the automatic stay pursuant to 11 U.S.C. §§ 362(a)(3) and 541(a);

2. An order enjoining Defendants and any third party from transferring or dissipating the Tax Reimbursement Payment or exercising control over Carnegie

Manager and requiring that they be held for the benefit of Debtor-Defendant's bankruptcy estate; and

3. Such other and further relief as is just.

Dated: November 8, 2016                Respectfully submitted,

                                          RL BB-GA RMH, LLC

                                          By: */s/ Mark I. Duedall*
                                              Mark I. Duedall (GA Bar No. 231770)
                                              Gwendolyn J. Godfrey (GA Bar No. 153004)
                                              BRYAN CAVE LLP
                                              One Atlantic Center, Fourteenth Floor
                                              1201 W. Peachtree St. NW
                                              Atlanta, GA 30309-3471
                                              Tel:  (404) 572-6600
                                              Fax:  (404) 572-6999
                                              Email:  Mark.Duedall@bryancave.com
                                              Email:  Gwendolyn.Godfrey@bryancave.com

                                              Jason J. DeJonker
                                              Justin A. Morgan
                                              BRYAN CAVE LLP
                                              161 North Clark Street Suite 4300
                                              Chicago, Illinois 60601
                                              Tel:  (312) 602-5005
                                              Fax:  (312) 602-5050
                                              Email: Jason.DeJonker@bryancave.com
                                              Email: Justin.Morgan@bryancave.com

                                              Beth E. Rogers, Georgia Bar No. 612092
                                              James Carroll, Georgia Bar No. 940350
                                              ROGERS LAW OFFICES
                                              The Equitable Building
                                              100 Peachtree Street, Suite 1950
                                              Atlanta, Georgia 30303
                                              Tel:  (770) 685-6320
                                              Fax:  (678) 990-9959

                                              BJay Pak
                                              CHALMERS PAK BURCH & ADAMS LLC
                                              75 14th Street, Ste. 2725
                                              Atlanta, GA 30309
                                              Tel:  (678) 582-8902
                                              Fax:  (678)582-8912

                                          ***Counsel to RL BB-GA RMH, LLC***