IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| RAJESH C. PATEL | ) | Case No. 16-65074 |
| | ) | |
| Debtor. | ) | Honorable Lisa Ritchey Craig |
| | ) | |
| | ) | |
| RL BB-GA RMH, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adv. Proc. No. 16-05307-lrc |
| RAJESH C. PATEL; SHAMA PATEL; | ) | |
| HASMITA PATEL; MUKESH PATEL; | ) | |
| JAY R. PATEL; RISHI M. PATEL; and | ) | |
| CARNEGIE HOTEL MANAGER, | ) | |
| LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### RL BB – GA RMH, LLC'S REPLY TO HASMITA PATEL'S INITIAL RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW RL BB – GA RMH, LLC, LLC ("RL BB-GA") and for its Reply to the Response of Hasmita Patel ("Hasmita") to RL BB-GA's Motion for Preliminary Injunction (the "Motion"), shows the Court as follows:

### ARGUMENT

In response to the Motion, Hasmita argues without any evidence only that

(1) she has a 50% interest in Carnegie Hotel Manager, LLC ("Carnegie Hotel Manager") and thus would be entitled to 50% of the Tax Reimbursement Payment referenced in Plaintiff's complaint, and (2) she has ongoing medical expenses that require the distribution of 50% of the Tax Reimbursement Payment to her.

In order for Plaintiff to receive a preliminary injunction, it must:

> show a substantial likelihood of prevailing on the merits, that irreparable injury will result if the relief sought is not granted, that the balance of hardships favor the grant of injunctive relief and that the injunction would not be adverse to public policy.

In re Key Airlines, Inc., 1993 WL 13713565, at *2 (Bkrtcy. S.D.Ga., 1993)

Notably, Plaintiff does not need to prove the entirety of its case in order to be entitled to a preliminary injunction, but merely that there is a substantial likelihood that it will prevail on the merits. Placid Oil Co. v. U.S. Dept. of Interior, 491 F.Supp. 895, 905 (D.C.Tex., 1980)(Plaintiff did not need to prove its case to a certainty to receive a preliminary injunction).

Here, Hasmita has not disputed that the injunction would not be adverse to public policy or that irreparable injury to the Debtor's estate would result if the Tax Reimbursement Payment is distributed, but only implicitly disputes that Plaintiff has shown a substantial likelihood of prevailing on the merits, due to her claim that she owns 50% of Carnegie Hotel Manager, and that the balance of hardships do not favor the grant of injunctive relief due to her alleged need of 'her

share' of the Tax Reimbursement Payment for her medical bills.

### A. Plaintiff Has a Substantially Likelihood of Prevailing on the Merits

O.C.G.A. § 14-11-101(18) provides that:

> A limited liability company is . . . bound by its operating agreement whether or not the limited liability company executes the operating agreement. An operating agreement may provide enforceable rights to any person, including a person who is not a party to the operating agreement, to the extent set forth therein.

O.C.G.A. § 14–11–1107(b) provides that "[i]t is the policy of this state with respect to limited liability companies to give maximum effect to the principle of freedom of contract and to the enforceability of operating agreements." Courts have held that LLC operating agreements are binding upon the LLC and its members. Davis v. VCP South, LLC, 740 S.E.2d 410, 412, 321 Ga.App. 503, 505 (Ga.App.,2013)(LLC operating agreement was binding on LLC and its members); Kaufman Development Partners, L.P. v. Eichenblatt, 749 S.E.2d 374, 378, 324 Ga.App. 71, 76 (Ga.App.,2013)(operating agreement is binding as to members of LLC). Here, the Carnegie Hotel Manager operating agreement provides that the Debtor, RC Patel, is the sole member of same. (Prakash Patel Affidavit, attached hereto as Exhibit A, ¶4 ("Prakash Aff.")). Moreover, the Carnegie Hotel Manager operating agreement provides that it "may be amended or modified from time to time only by a written instrument adopted by all of the Members." (Prakash Aff., ¶4, Section 15.1). Hasmita has not produced any evidence, nor even an assertion,

that the Carnegie Hotel Manager operating agreement has been amended to grant her a 50% interest in same, nor has she asserted that she provided any consideration in exchange for any transfer to her of same. Therefore, contrary to Hasmita's representations, the Debtor is the sole member of Carnegie Hotel Manager, and thus the Tax Reimbursement Payment belongs to the Debtor's Estate.

### B. The Balancing of the Hardship's Weighs in Plaintiff's Favor

The determination of whether to leave a preliminary injunction in place requires a balance of the hardships between the Plaintiff and Defendants. In re Lickman, 286 B.R. 821, 831 (Bkrtcy.M.D.Fla.,2002). Here, Hasmita claims that retention of the Preliminary Injunction would be a hardship to her because she 'has need of the funds to be distributed to her regarding Carnegie, which are referenced in Plaintiff's Complaint, including for her ongoing medical needs.' [Doc. No. 9, p. 2]. However, Hasmita has not provided any admissible evidence of her ongoing medical expenses, or of her need for 50% of the Tax Reimbursement Payment to fund same. Moreover, on information and belief, the Tax Reimbursement Payment is over $2 million. It is very unlikely that Hasmita has ongoing medical expenses of anything approaching $1 million. In addition, Hasmita has not shown that a preliminary injunction preventing disbursement of the full Tax Reimbursement Payment is a hardship to her as she has no right or interest in the funds. Moreover,

mere delay in receiving funds is not necessarily a hardship under the preliminary injunction balancing test. Ambrose v. International Broth. of Elec. Workers Local No. 43 and Elec. Contractors' Welfare Fund, 2013 WL 587497, at *2 (N.D.N.Y.,2013)(delay in receipt of funds was not a sufficient hardship to deny preliminary injunction). On the other hand, it is undisputed that the Debtor's estate would suffer irreparable hardship if the Tax Reimbursement Payment is disbursed, as it would have no means to recover same or there likely would be a significant cost to do so.

Therefore, Plaintiff respectfully requests that this Court enter a injunction enjoining the Defendants and any third party from transferring or dissipating the Tax Reimbursement Payment pending a determination of this action on the merits.

Dated: January 12, 2017            Respectfully submitted,

RL BB-GA RMH, LLC

By: */s/ James F. F. Carroll*

Beth E. Rogers, Georgia Bar No. 612092
James Carroll, Georgia Bar No. 940350
ROGERS LAW OFFICES
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, Georgia 30303
Tel:  (770) 685-6320
Fax:  (678) 990-9959

**Counsel to RL BB-GA RMH, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the within and foregoing **Reply to the Response of Hasmita Patel to RL BB-GA's Motion for Preliminary Injunction** upon the following by filing said document using the Court's CM/ECF system which will automatically generate an electronic notice of said filing or via first-class U.S. Mail addressed as follows:

Howard P. Slomka
The Slomka Law Firm, PC
1069 Spring Street, NW – 2nd Floor
Atlanta, Georgia 30319

Bryan M. Knight
Knight Johnson, LLC
One Midtown Plaza
1360 Peachtree Street, Suite 1201
Atlanta, Georgia 30309

Michael D. Robl
Robl Law Group LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084

Jeffrey D. Horst
Krevolin Horst LLC
One Atlantic Center
1201 Peachtree Street, NW, Suite 3250
Atlanta, Georgia 30309

Neil C. Gordon
Arnall Golden Gregory LLP
171 17th Street NW – Suite 2100
Atlanta, GA 30363

This 12th day of January, 2017.

/s/ James F. F. Carroll
James F. F. Carroll

Case 16-05307-lrc    Doc 22    Filed 01/12/17    Entered 01/12/17 19:12:25    Desc Main
Document      Page 7 of 7