# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| RAJESH C. PATEL, ) | |
| ) | Case No. 16-65074-lrc |
| DEBTOR. ) | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| RL BB-GA RMH, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Proc. No. 16-05307 |
| ) | |
| RAJESH C. PATEL; SHAMA PATEL; ) | |
| HASMITA PATEL; MUKESH PATEL; JAY R. ) | |
| PATEL; RISHI M. PATEL; and CARNEGIE ) | |
| HOTEL MANAGER, LLC, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF HASMITA PATEL AND RISHI PATEL, BY SPECIAL APPEARANCE, TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW Hasmita Patel and Rishi Patel (collectively, "Defendants"), through their undersigned counsel, and file this Answer to Plaintiff's Amended Complaint filed by Plaintiff on January 6, 2017 in the above-styled adversary proceeding, by special appearance without consenting to jurisdiction in the above-styled adversary proceeding, including Constitutional jurisdiction over non-bankruptcy claims, and respectfully show the Court as follows.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because Plaintiff lacks standing to assert one or more of the claims alleged in its Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because the applicable statutes of limitations or statutes of repose bar one or more of its claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any equitable relief by virtue of the fact that it has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed due to a lack of subject matter jurisdiction or Constitutional jurisdiction over non-bankruptcy claims.

### RESPONSES TO NUMBERED PARAGRAPHS

Having raised their foregoing affirmative defenses, and without waiving the same, the Defendants respond to the numbered allegation of Plaintiff's Amended Complaint, respectfully showing the Court as follows:

1. Defendants deny that this Court has Constitutional jurisdiction over non-bankruptcy claims asserted by Plaintiff.

2. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 2 of Plaintiff's Complaint and, therefore, deny the same.

3. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 3 of Plaintiff's Complaint and, therefore, deny the same.

4. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 4 of Plaintiff's Complaint and, therefore, deny the same.

5. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 5 of Plaintiff's Complaint and, therefore, deny the same.

6. Defendants admit the averments of Paragraph 6 of the Complaint.

7. Defendants admit the averments of Paragraph 7 of the Complaint.

8. Defendants admit the averments of Paragraph 8 of the Complaint.

9. Defendants admit the averments of Paragraph 9 of the Complaint.

10. Defendants admit the averments of Paragraph 10 of the Complaint.

11. Defendants deny the averments of Paragraph 11 of the Complaint.

12. Defendants admit that Plaintiff seeks declaratory and injunctive relief, but Defendants deny that Plaintiff is entitled to such relief.

13. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 13 of Plaintiff's Complaint and, therefore, deny the same.

14. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 14 of Plaintiff's Complaint and, therefore, deny the same.

15. Defendants admit that Plaintiff seeks declaratory and injunctive relief, but Defendants deny that Plaintiff is entitled to such relief.

16. Defendants admit the averments of Paragraph 16 of the Complaint.

17. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 17 of Plaintiff's Complaint and, therefore, deny the same.

18. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 18 of Plaintiff's Complaint and, therefore, deny the same.

19. Defendants admit that Plaintiff states it seeks to preserve a certain payment, but Defendants deny that Plaintiff is entitled to such relief.

20. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 20 of Plaintiff's Complaint and, therefore, deny the same.

21. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 21 of Plaintiff's Complaint and, therefore, deny the same.

22. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 22 of Plaintiff's Complaint and, therefore, deny the same.

23. Defendants deny the averments of Paragraph 23 of the Complaint as worded.

24. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 24 of Plaintiff's Complaint and, therefore, deny the same.

25. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 25 of Plaintiff's Complaint and, therefore, deny the same.

26. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 26 of Plaintiff's Complaint and, therefore, deny the same.

27. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 27 of Plaintiff's Complaint and, therefore, deny the same.

28. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 28 of Plaintiff's Complaint and, therefore, deny the same.

29. Defendants admit the averments of Paragraph 29 of the Complaint.

30. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 30 of Plaintiff's Complaint and, therefore, deny the same.

31. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 31 of Plaintiff's Complaint and, therefore, deny the same.

32. Defendants deny the averments of Paragraph 32 of the Complaint.

33. Defendants deny the averments of Paragraph 33 of the Complaint.

34. Defendants deny the averments of Paragraph 34 of the Complaint.

35. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 35 of Plaintiff's Complaint and, therefore, deny the same.

36. Defendants repeat the foregoing as if set forth in full herein.

37. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 37 of Plaintiff's Complaint and, therefore, deny the same.

38. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 38 of Plaintiff's Complaint and, therefore, deny the same.

39. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 39 of Plaintiff's Complaint and, therefore, deny the same.

40. Defendants lack sufficient knowledge to admit or deny the averments of Paragraph 40 of Plaintiff's Complaint and, therefore, deny the same; however, to the extent that Plaintiff's Complaint states or implies that Defendants lack an interest in the Tax Reimbursement Payment, Defendants deny the same.

41. Defendants deny the averments of Paragraph 41 of the Complaint.

42. Defendants deny the averments of Paragraph 42 of the Complaint.

43. Defendants admit that Plaintiff states it seeks to preserve a certain payment, but Defendants deny that Plaintiff is entitled to such relief.

44. Defendants repeat the foregoing as if set forth in full herein.

45. Defendants deny the averments of Paragraph 45 of the Complaint.

46. Defendants deny the averments of Paragraph 46 of the Complaint.

This 20th day of January, 2017.

**ROBL LAW GROUP, LLC**

/s/ Michael Robl
_____
Michael D. Robl
State Bar No. 610905
Attorney for Hasmita Patel and Rishi Patel

3754 Lavista Road, Suite 250
Tucker, GA 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| RAJESH C. PATEL, ) | |
| ) | Case No. 16-65074-lrc |
| DEBTOR. ) | |
| _____ | |
| RL BB-GA RMH, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Proc. No. 16-05307 |
| ) | |
| RAJESH C. PATEL; SHAMA PATEL; ) | |
| HASMITA PATEL; MUKESH PATEL; JAY R. ) | |
| PATEL; RISHI M. PATEL; and CARNEGIE ) | |
| HOTEL MANAGER, LLC, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is more than 18 years of age, and that on January 20, 2017, he served the **Answer of Hasmita Patel and Rishi Patel, by Special Appearance, to Plaintiff's Amended Complaint** via the Court's ECF/CM filing system as follows:

Mark I. Duedall on behalf of Plaintiff RL BB-GA RMH, LLC
mark.duedall@bryancave.com, b.lyle@bryancave.com

This 20th day of January, 2017.

                                            **ROBL LAW GROUP, LLC**

                                            /s/ Michael Robl
                                            _____
                                            Michael D. Robl
                                            State Bar No. 610905
                                            Attorney for Hasmita Patel and Rishi Patel

3754 Lavista Road, Suite 250
Tucker, GA 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)

michael@roblgroup.com (email)