**IT IS ORDERED as set forth below:**

**Date: September 28, 2017**



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBERS |
| RAJESH C. PATEL, | : | 16-65074-LRC |
| NEIL C. GORDON,  Trustee, | : | ADVERSARY PROCEEDING |
| | : | NO. 16-05307-LRC |
| Plaintiff. | : | |
| v. | : | |
| RAJESH C. PATEL, SHAMA PATEL, HASMITA PATEL, MUKESH PATEL, RISHI M. PATEL, and CARNEGIE HOTEL MANAGER, LLC, | : | IN PROCEEDINGS UNDER CHAPTER 7 OF THE BANKRUPTCY CODE |
| Defendants. | : | |

## **ORDER**

Before the Court is the *Request for Entry of Default Against Defendant Rajesh C. Patel* ("Patel"), filed by Neil C. Gordon ("Plaintiff") (Doc. No. 68), and Patel's *Motion for Leave to File Answer to Plaintiff's Amended Complaint and Opposition to Request of*

*Entry of Default* (the "Motion") (Doc. No. 72).

## Background and Procedural History

On August 30, 2016, Patel filed a voluntary petition under chapter 7 of the Bankruptcy Code. Plaintiff is the trustee of the resulting bankruptcy estate (the "Estate"). On November 8, 2016, RL BB-GA RMH, LLC ("Creditor"), a creditor of Patel, filed a complaint (the "Complaint") against Patel, several of Patel's family members, and a related entity, Carnegie Hotel Manager, LLC ("CHM") (collectively, the "Defendants"), seeking a determination that certain property (the "Property") is property of the Estate and a permanent injunction to protect and enforce the Estate's rights in the Property. On the same day, Creditor filed a motion for a preliminary injunction to prevent any further transfers of the Property (the "Preliminary Injunction Motion").[1]

Patel answered the Complaint on the due date—January 4, 2017. On January 6, 2017, Creditor filed an amended complaint (the "Amended Complaint"). Patel failed to file an answer or otherwise respond to the Amended Complaint and did not seek an extension of time for doing so. On May 24, 2017, Plaintiff requested the Clerk's entry of default. The next day, Patel filed the Motion, in which Patel opposes the entry of default and requests leave to file a late answer to the Amended Complaint. Plaintiff opposes the Motion.

---

[1] Multiple hearings were scheduled on the Preliminary Injunction Motion, resulting in the entry of several interim orders preserving the *status quo* until a further hearing could be held. The parties have subsequently agreed to proceed to trial on the merits without the need for an evidentiary hearing on the Preliminary Injunction Motion. Accordingly, the Court concludes that the Plaintiff's pending *Motion to Strike Debtor's Pre-Hearing Brief and Memorandum of Law In Opposition to Plaintiffs Motion for Preliminary Injunction* (Doc. No. 70) and Patel's *Opposition to Plaintiff's Motion to Strike Debtor's Pre-Hearing Brief* (Doc. No. 71) are moot.

2

The relief sought in the Amended Complaint includes: (1) a declaration that, on the Petition Date, Patel held a "property interest" in the Property and in Carnegie Manager or, alternatively, "to the extent that [Patel] has fraudulently transferred his interest in Carnegie Hotel Manager to Shama Patel and Hasmita Patel, or anyone else, the [Property] is still property of the Estate, as the Debtor did not receive any consideration in return for same and any such transfer would be fraudulent as to the Debtor's creditors pursuant to the Side Letter either directly or indirectly via previous"; and (2) a permanent injunction to "protect and enforce the [Estate's] rights in the [Property], in the hands of [Patel], any other Defendant, or any third party."

## Conclusions of Law

Under Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to an adversary proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). An entry of default can be set aside by the Court upon a finding of "good cause," which is a lesser standard than the "rigorous" excusable neglect finding that is required to set aside a default judgment.[2] *See* FED. R. BANKR. P. 7055; FED. R. CIV. P. 55(c); *Rogers v. Allied Media, Inc. (In re Rogers)*, 160 B.R. 249, 251-52 (Bankr. N.D. Ga. 1993) (Drake, J.) (citing *EEOC v. Mike*

---

[2] The Clerk has not actually entered the default. However, "it is well-established that a default also may be entered by the court" and, "where the Court, not its Clerk, is addressing the [motion for entry of default], the question of entry of default merges with the question a court usually addresses later: whether good cause exists to set aside an entry of default under Rule 55(c)." *Broadwater v. Kalina*, 2013 WL 3353946, at *1 (S.D. Ind. July 3, 2013).

3

*Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990)) (additional citations omitted); *see also Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

"'Good cause' is a 'liberal' and 'mutable' standard and is not subject to a precise formula, but [i]t is 'not so elastic as to be devoid of substance.'" *Lamar v. Lahood,* 2011 WL 13129756, at *3 (N.D. Ga. Nov. 7, 2011), report and recommendation adopted, 2011 WL 13141401 (N.D. Ga. Dec. 6, 2011). Although good cause "is not susceptible to a precise formula, . . . some general guidelines are commonly applied." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id*. These "factors are not 'talismanic,' and . . . courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*. The Court must also consider the "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

With regard to the first consideration, "culpability requires more than mere negligence, but rather a showing that the [d]efendant ignored its obligation to answer . . . intentionally, knowingly, or with reckless disregard of the rules." *Lawrence v. Am. IRA, LLC*, 2013 WL 12062264, at *1–2 (N.D. Ga. Nov. 12, 2013). The Court finds no culpability on the part of Patel. Patel filed an answer to the Complaint and has

4

participated extensively in this case and in the bankruptcy case, attending multiple hearings and filing numerous papers. Patel asserts that his counsel's failure to answer the Amended Complaint was the result of his counsel's working closely with counsel for the Defendants in this case in order to minimize costs. The Court has no reason to doubt that this is true, and the Court would be hard pressed to conclude, based on the history of this case, that Patel's failure to answer was done intentionally, knowingly, or with reckless disregard of the rules.

With regard to whether Plaintiff will suffer prejudice if the default is set aside, "[p]rejudice is not shown by continuing litigation, a process that would have occurred anyway had an answer to the complaint been timely filed." *Washington v. Washington*, 2015 WL 9918155, at *7 (N.D. Fla. Nov. 24, 2015), report and recommendation adopted, 2016 WL 335870 (N.D. Fla. Jan. 26, 2016) ("While Plaintiff is correct that she would be denied a 'quick resolution to the case' if the default is set aside that argument begs the question of whether there would be prejudice. If that was the benchmark for determining whether there is prejudice in setting aside a default, every plaintiff—without exception—who was the beneficiary of a default would suffer prejudice if the default was set aside and the case proceeded on the merits.").

In this case, Plaintiff contends that he will be prevented from conducting discovery with regard to Patel because Patel waited four months to move for leave to file a late answer and discovery closed in July 2017. It appears to the Court that Plaintiff has had the opportunity to obtain discovery from Patel and the other defendants with regard to the issues raised by the Complaint and the Amended Complaint. Further, as to any discovery

5

that may remain outstanding, the Court would certainly have considered reopening discovery to ameliorate any harm that might have resulted from the closing of the discovery period. That being said, the Court concludes, as discussed below, that not entering default against Patel would unnecessarily complicate this litigation and would serve no purpose. Under these unique facts, forcing Plaintiff to litigate against Patel, whose interest in the Property is derivative of Defendants' interests and is adequately represented by the Defendants, would add unnecessary, additional expense to this litigation and would prejudice Plaintiff.

Further, the Court agrees that Patel has not asserted a meritorious defense. In determining whether Patel has asserted a meritorious defense, the Court need not decide that Patel's "defense will succeed, but rather simply whether it is a reasonable basis to defend which could be pursued in litigation." *Lawrence v. Am. IRA, LLC*, 2013 WL 12062264, at *2 (N.D. Ga. Nov. 12, 2013). As a threshold matter, Plaintiff asserts that Patel has no meritorious defense because, as a debtor in a no-asset chapter 7 case, he has no standing to oppose Plaintiff's request for a determination that the Property is part of his bankruptcy estate.

Standing "'is a jurisdictional prerequisite to suit in federal court.'" *Chen v. Siemens Energy Inc.,* 467 F. App'x 852, 853 (11th Cir. 2012) (citation omitted). "Analysis of standing requires the examination of both constitutional requirements and prudential considerations." *Matter of Springer*, 127 B.R. 702, 705 (Bankr. M.D. Fla. 1991). "To satisfy constitutional requirements, three factors must be present: (1) the party asserting standing must have suffered actual injury or been threatened with injury, (2) the injury

6

must be traceable to the objectionable conduct, and (3) the relief requested must be likely to redress the injury." *Id.* (citing *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979 (11th Cir. 1990)). "To satisfy prudential considerations, three additional factors must be met: (1) the party asserting standing must be asserting his own rights and not the rights of a third party, (2) the injury must be particular to the litigant and not just a generalized grievance, and (3) the injury must fall within the zone of interests the statute is designed to protect." *Id.* at 705-706.

"Standing in bankruptcy cases is narrower than Article III standing." *In re Adams*, 424 B.R. 434, 435 (Bankr. N.D.Ill. 2010); *In re Cazon, LLC*, 2016 WL 4070292, at \*2 (Bankr. S.D. W. Va. 2016). To have standing in a bankruptcy case, the objecting party must have a pecuniary interest in the outcome of the proceeding, and the order at issue must "'directly and adversely affect that interest.'" *Adams,* 424 B.R. at 435; *see also In re Friedberg*, 634 F. App'x. 333 (2d Cir. 2016). As noted by Plaintiff, courts often hold that a chapter 7 debtor lacks standing to oppose a chapter 7 trustee's actions that will affect the size of the bankruptcy estate because the debtor has no pecuniary interest in the size of the bankruptcy estate unless the estate is expected to have a surplus of funds that can be returned to the debtor. Further, chapter 7 debtors lack prudential standing to sue on behalf of the estate because they are not the real party in interest—the chapter 7 trustee is the proper party to sue and be sued. *See* 11 U.S.C. § 323(b); *see also Chen v. Siemens Energy Inc.,* 467 F. App'x 852, 853 (11th Cir. 2012); *Garcia v. Am. Sec. Ins. Co.*, 2012 WL 2589862, at \*2 (M.D. Fla. July 3, 2012) ("A trustee, as the representative of a bankruptcy estate, is a real party in interest and the only party with standing to pursue causes of action

7

belonging to the estate.").

As to bankruptcy standing and Article III standing, it appears that Plaintiff has confused Patel's lack of a pecuniary interest in the Estate with a lack of an interest in the outcome of this particular adversary proceeding. The Court agrees that, generally, a chapter 7 debtor has no standing to challenge the actions of the chapter 7 trustee when administering estate assets because the debtor lacks a pecuniary interest in the funds of the bankruptcy estate when there will likely be no surplus to disburse to the debtor and the proposed action will not "directly and adversely affect" the debtor's interest. In this case, however, Plaintiff has not simply filed a motion in the main bankruptcy case against all interested parties. Rather, Plaintiff has specifically named Patel as a defendant against whom he seeks declaratory and injunctive relief. It is not clear to the Court that the narrower bankruptcy standing requirement or the Article III standing requirements would apply to Patel, a named defendant in an adversary proceeding, as "the Supreme Court has clearly articulated that no constitutional standing issue arises when, as here, a litigant attempts to assert the rights of a third party defensively." *In re 1031 Tax Group, LLC,* 439 B.R. 47, 60 (Bankr. S.D.N.Y. 2010) (citing *Warth v. Seldin*, 422 U.S. 490, 500 n.12 (1975)).

Nonetheless, Plaintiff's argument regarding standing does raise the question of whether Patel can satisfy the prudential standing requirements. "Courts have concluded that the prohibition against allowing litigants to enforce the rights of third parties applies with equal force offensively as well as defensively." *Id*. at 61 (citing *Warth*, 422 U.S. at 501 n.12); *see also In re Quigley Co., Inc.*, 391 B.R. 695, 702 (Bankr. S.D.N.Y. 2008)

8

(stating that prudential standing requirements "apply when a litigant attempts to assert the rights of a third party defensively").

The purpose of the prudential standing requirement is to avoid the adjudication of "rights unnecessarily, specifically because the purported holders of those rights may choose not to enforce them 'or will be able to enjoy them regardless of whether the in-court litigant is successful or not.'" *In re 1031 Tax Group, LLC*, 439 B.R. 47, 60–61 (Bankr. S.D.N.Y. 2010). Further, the prudential standing requirement ensures that the "court's efforts to properly determine issues" are not frustrated due to a lack of "'effective advocacy,'" as "'third parties themselves usually [are] the best proponents of their own rights.'" *Id*. Both of these purposes are served by holding Patel in default in this case.

A review of Patel's proposed answer to the Amended Complaint discloses that Patel would assert substantially identical affirmative defenses to the Amended Complaint as those raised in the answers filed by the Defendants. Additionally, Patel's proposed answer to the Amended Complaint largely admits and denies the factual allegations in the same manner as the answers filed by the Defendants.[3] Reading the answers in light of the factual allegations of the Amended Complaint, the defense raised by Patel and the Defendants can be reduced, essentially, to the fact that someone other than Patel owned the Property at the time Patel filed bankruptcy and that any transfer of Patel's interest in the Property was not fraudulent. In short, Patel does not assert that he, rather than the Estate, owns the Property, and, therefore, Patel lacks prudential standing to assert the

---

[3] Although Hasmita and Rishi Patel admitted several factual allegations that Patel denied, Carnegie Hotel Manager, LLC and Shama and Jay Patel also denied the factual allegations and would, therefore, be permitted to introduce evidence against such a factual finding if appropriate. *See* Amended Complaint and Answers, ¶¶ 7-8, 10, & 29.

9

rights of the true owners, even defensively. For this reason, the Court agrees with Plaintiff that Patel lacks a meritorious defense.

Additionally, the public interest is best served by entering a default against Patel. If the Court declined to enter default against Patel, Patel's participation in this litigation would add nothing that is not already being contributed by the Defendants. The Defendants are the best advocates of their own rights to the Property, and Patel's involvement would add only additional expense and complexity and would not further the interests of judicial economy.

In the interest of judicial economy and to avoid prejudicing Plaintiff by requiring Plaintiff to litigate against multiple parties regarding the same issues, the Court will exercise its discretion in favor of entering the default against Patel. Patel will not be permitted to participate in this case as a party.[4] *See Aspen Ins. UK Ltd. v. A & R Able Corp.*, 2013 WL 10897793, at *1 (S.D.N.Y. Jan. 2, 2013) (where defendants in a multi-

---

[4] The Court has not been asked to enter default judgment against Patel. Accordingly, the Court need not consider whether entry of default judgment against fewer than all defendants would be appropriate. *See* FED. R. BANKR. P. 7054, FED. R. CIV. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."); *Phoenix Renovation Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582 (E.D. Va. 2000) ("The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide 'just reason.'"). Accordingly, there is currently no risk that entering default judgment against Patel could result in inconsistent judgments if the other defendants are successful in defending the Plaintiff's claim. *See Frow v. De La Vega*, 82 U.S. 552 (1872); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("Both Moore and Wright and Miller suggest that even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."); *Branch Banking & Tr. Co. v. Poplar Dev. Co., LLC*, 2013 WL 2367963, at *1 (M.D. Ga. May 29, 2013) (stating that, "in this circuit, it is 'sound policy' to refrain from ruling when defendants are similarly situated, but not jointly liable" in order to avoid "inconsistent judgments and affirms the Eleventh Circuit's 'strong preference that cases be heard on the merits'").

defendant suit were in default, the court held that default judgment was not appropriate due to the risk of inconsistent judgment, but concluded that the defaulting defendants had "forfeited their right to appear in [the] litigation"); *see also Penn-Am. Ins. Co. v. Architectural Railings & Grilles, Inc.*, 2015 WL 12582636, at *1 (N.D. Fla. Dec. 17, 2015) ("In sum, [defendant] is in default and thus has lost his right to participate, . . . but entry of judgment will await a determination of the merits of [plaintiff's claims against the other defendants.") (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

## CONCLUSION

For the reasons stated above, Plaintiff's *Request for Entry of Default against Defendant Rajesh C. Patel* is **GRANTED**, and Patel's *Motion for Leave to File Answer to Plaintiff's Amended Complaint and Opposition to Request of Entry of Default* is **DENIED**.

## END OF DOCUMENT

# DISTRIBUTION LIST

Neil C. Gordon, *Chapter 7 Trustee*
Arnall, Golden & Gregory, LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Beth E. Rogers
Rogers Law Offices
Suite 1950
100 Peachtree Street
Atlanta, GA 30303

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

Bryan M. Knight
Knight Johnson. LLC
1360 Peachtree Street, NE
Suite 1201
Atlanta, GA 30309

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

Byung Jin "BJay" Pak
Chalmers Pak Burch & Adams LLC
75 Fourteenth Street, NE
Suite 2725
Atlanta, GA 30309

Mukesh Patel
2860 Cravey Drive
Atlanta, GA 30345